# CITATION
## THE STATE OF TEXAS



*PSC-6008*
*9-05-23*

TO:  **STATE FARM LLOYDS**
**CORPORATION SERVICE COMPANY**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**
Defendant in the hereinafter styled and numbered cause: <u>**2023-1657-B**</u>

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 124th District Court, Gregg County, at the Courthouse in said County in Longview, Texas. Said Plaintiff's Petition was filed September 21, 2023 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

### CHRISTOPHER HOLP VS STATE FARM LLOYDS

### Suit For Deceptive, Trade Practices & Damages

Filed in said court on this the 21st day of September, 2023.
Issued and given under my hand and seal of said Court at office, on this the 21st day of September, 2023.

Attorney for Plaintiff:
MUSTAPHA NYALLAY
1301 MARKET STREET
GALVESTON TX 77550
409-762-5000

Clerk of the Court:
Trey Hattaway
District Clerk, Gregg County, Texas
P.O. Box 711
Longview, TX 75606

Signed: 9/21/2023 1:50:21 PM

By _**Debbie Kinney**_ Deputy.
Debbie Kinney

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### Officer/Authorized Person Return

Came to hand on the _____ day of _____, _____, at _____ o'clock __.M., and executed in _____ County, Texas, by delivering to each of the within named, in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the petition at the following times and places, to-whit:

| Name | Date | Time | Place |
|------|------|------|-------|
|  |  |  |  |
|  |  |  |  |

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Fees ........... $_____        _____ Sheriff / Constable _____ County, Texas

By_____ Deputy/Process Server

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

_____ Declarant/Process Server

_____ ID # and Expiration of Certification

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this Citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me on _____, _____.        _____ Notary Public

Electronically Submitted
9/21/2023 1:10 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

NO. _____ 2023-1657-B _____

| | | |
|---|---|---|
| CHRISTOPHER HOLP, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | GREGG COUNTY, TEXAS |
| | § | |
| | § | |
| STATE FARM LLOYDS, | § | 124TH |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff Christopher Holp ("Plaintiff") complaining of Defendant State Farm Lloyds ("State Farm"). Plaintiff would respectfully show:

### DISCOVERY CONTROL PLAN

**1.** Plaintiff (constituting the only claimant herein) affirmatively pleads that he seeks only monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages, and attorney fees. This is, accordingly, an "expedited action" under Tex.R.Civ.P. Rule 169(a).[1] Pursuant to Rule 169(d)(1) and Rule 190.2(a)(1), discovery herein is governed by Rule 190.2 providing for a Level 1 Discovery Control Plan.

---

[1] All further references herein to any "Rule" are references to the Texas Rules of Civil Procedure unless expressly stated otherwise.

Plaintiff's Original Petition

1

## PARTIES and MISCELLANEOUS

**2.**    Plaintiff is an individual residing in Gregg County, Texas.

**3.**    Defendant State Farm is a domestic insurance company engaging in the business of insurance in the State of Texas.  Defendant may be served with process herein by serving its registered agent, **Corporation Service Company**, at 211 E 7TH Street, Suite 620, Austin, Texas 78701-3218.

**4.**    Whenever it is stated herein that Defendant State Farm did or failed to do a thing, it is meant that said Defendant did so acting by and through it authorized agents, employees, and other representatives for whose conduct Defendant is secondarily, derivatively, and/or vicariously liable.

**5.**    All conditions precedent to Plaintiff proceeding herein and recovering the relief he seeks have occurred or been performed.

## JURISDICTION AND VENUE

**6.**    This Court has subject matter jurisdiction over this case pursuant to Texas Constitution Article V, § 8 and Government Code §§ 24.007 & 24.008 because it is within the statutory general jurisdiction of this Court and the amount in controversy is more than $500, exclusive of interest.  The Court has personal jurisdiction over Defendant State Farm because it engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arose out of Defendant's business activities in the State of Texas.

Plaintiff's Original Petition

2

**7.** Venue in this case is proper in Gregg County, Texas, because the insured property at issue is situated in this County and the events giving rise to this lawsuit occurred in this County.

## FACTS

**8.** Plaintiff is a named insured under an Allstate Homeowner Owners policy of insurance numbered 84-E9-M468-9 (the "Policy"), which was issued to him by Defendant State Farm. Plaintiff owns an insurable interest in the property insured by the Policy, which is located at 102 Oak Isle Dr., Longview, Texas 75605 (hereinafter the "Property").

**9.** On or about January 19, 2022, the Property suffered damage from a hailstorm, which was a covered loss under the Policy. Plaintiff complied with the Policy in every way, including by giving timely and sufficient notice to Defendant State Farm of the insured loss. Defendant assigned Plaintiff's claim number 43-30CZ-89Z. Plaintiff engaged a licensed public adjuster to estimate the extent of the covered loss. Plaintiff's Public Adjuster submitted to Defendant a statement detailing the claim and breaking it down by reference to the parts of the Property damaged and by the categories of the damages involved.

**10.** On or about April 19, 2022, Defendant wrote Plaintiff through his Public Adjuster to say that it was unable to accept the balance of Plaintiff's claim. On or

3

Plaintiff's Original Petition

about January 26, 2022, the total loss was estimated by the Public Adjuster to be $50,366.64.

11.    Despite having all items, statements, and forms reasonably requested and required pursuant to section Texas Insurance Code § 542.055, Defendant delayed and continues to delay payment of the balance of Plaintiff's claim for a period exceeding any conceivably applicable statutory period.

12.    The actions and inactions by Defendant were not only breaches of the Policy. They also exhibited a lack of good faith and fair dealing by Defendant going well beyond any normal disagreement over matters of opinion as might sometimes occur in matters of this sort.

13.    In addition to the foregoing, this case also involves a failure by Defendant to provide Plaintiff with an adequate or reasonable explanation for its underpayment of the claim.

14.    Taken as a whole, the behavior of Defendant constituted a failure to treat Plaintiff in good faith and with fair dealing; and amounted to an unfair claim settlement practice.

15.    Defendant's conduct in response to Plaintiff's claim made it necessary for Plaintiff to engage attorneys to protect his interests and thereby incur attorney's fees. This was as a result of Defendant's breach of contract, its unfair claim settlement

4

Plaintiff's Original Petition

practices, its failure to timely pay Plaintiff what he was owed on his claim, and its deceptive trade practices.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

16. Plaintiff incorporates by this reference the allegations of paragraphs 8-15 herein.

17. Defendant State Farm has been guilty of a material breach of the Policy, entitling Plaintiff under common law to recover his actual damages foreseeably caused by such breach.

18. Texas Civil Practice & Remedies Code § 38.001(b)(8) provides for recovery of a reasonable attorney's fee for the legal representation rendered necessary by the Defendant's breach of contract. Plaintiff is entitled under this statute to recover a reasonable attorney's fee for the necessary services of attorneys.

## SECOND CAUSE OF ACTION
## BREACH OF THE INSURANCE COVENANT OF
## GOOD FAITH AND FAIR DEALING

19. Plaintiff incorporates by this reference the factual allegations of paragraphs 8-15 herein.

20. Insurers (such as State Farm) are subject to a covenant implied in Texas law with their insureds (such as Plaintiff) to deal with their insureds in good faith and to

Plaintiff's Original Petition

deal with them fairly.  Defendant breached this covenant and is therefore liable for the damages Plaintiff suffered as a result.

## THIRD CAUSE OF ACTION
### UNFAIR CLAIM SETTLEMENT PRACTICES

**21.**    Plaintiff incorporates by this reference the allegations of paragraphs 8-15 herein.

**22.**    Texas Insurance Code section[2] 541.060(a) is part of Subchapter B of chapter 541 of the Texas Insurance Code.  It makes it an unfair and deceptive act and practice in the business of insurance for an insurer to engage in the following unfair claim settlement practices with respect to a claim by an insured: **misrepresenting** to a claimant a material fact or policy provision relating to coverage at issue [section 541.060(a)(1)]; **failing** to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear [section 541.060(A)(2)(a)]; **failing** to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim [section 541.060(a)(3)]; and **refusing** to pay a claim without

---

[2] Further references herein to a "section" [spelled out] are references to sections of the Texas Insurance Code.

Plaintiff's Original Petition

conducting a reasonable investigation with respect to the claim [section 541.060(a)(7)].

23.    Defendant State Farm engaged in all of the foregoing unfair claim settlement practices toward Plaintiff. These practices were committed knowingly. Section 541.151 provides that persons (such as Plaintiff) who sustain actual damages (as Plaintiff has) may bring an action against another person (defined to include State Farm) for those damages caused by that other "person" engaging in an act or practice defined in Subchapter B to be an unfair or deceptive act or practice in the business of insurance.

24.    Section 541.152(a)(1) provides that a plaintiff who prevails in an action under Subchapter B may obtain the amount of actual damages in question, plus court costs and reasonable and necessary attorney's fees. Section 541.152(b) provides that a defendant who knowingly commits the acts complained of (as Defendant did) may be awarded by the trier of fact an amount not to exceed three times the amount of actual damages.

FOURTH CAUSE OF ACTION
PROMPT PAYMENT OF CLAIMS BREACH

25.    Plaintiff incorporates by this reference the allegations of paragraphs 8-15 herein.

7

Plaintiff's Original Petition

**26.**    Section 542.058 provides that in the event of an unlawful delay in payment of a claim—such as that described herein—the insurer shall pay damages and other items as provided in section 542.060.  That section (section 542.060) provides that an insurer (such as State Farm) not in compliance is liable to pay the holder of the policy making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year <u>as damages</u>, together with reasonable and necessary attorney's fees.  Section 542.060 specifies that its allowance of interest <u>as damages</u> is in addition to an award of <u>prejudgment interest</u> on the amount of the claim as provided by law.

FIFTH CAUSE OF ACTION
CONSUMER PROTECTION

**27.**    Plaintiff incorporates by this reference the allegations of paragraphs 8-15 herein.

**28.**    Plaintiff was and is a "consumer" within the meaning of Tex.Civ.Prac.&Rem. Code § 17.45(4), which is part of the Texas Deceptive Trade Practices—Consumer Protection Act (the "DTPA").  The DTPA provides remedies to consumers which are "not exclusive," but which are "in addition to any other … remedies provided for in any other law."  DTPA § 17.43.  Under DTPA § 17.50(a), a consumer may maintain an action where certain things constitute a producing cause of economic damages or damages for mental anguish.  One of those things is the use or

Plaintiff's Original Petition

employment by any person (defined to include Defendant) of an act or practice in violation of Chapter 541 (Unfair Methods of Competition and Unfair or Deceptive Acts or Practices) of the Insurance Code. DTPA § 17.50(a)(4). Those things are what are described in Plaintiff's Third Cause of Action herein.

29.    Section 17.50(b)(1) of the DTPA provides that in a suit filed under § 17.50(a), each consumer who prevails may obtain the amount of economic damages found by the trier of fact. Subsection (b)(1) further provides that if the trier of fact finds that the conduct of a Defendant was committed knowingly (as is alleged herein), the consumer may also recover damages for mental anguish, as found by the trier of fact; *plus* the trier of fact may award not more than three times the amount of economic damages.

30.    DTPA § 17.50(d) provides that each consumer who prevails under the DTPA shall be awarded court costs and reasonable and necessary attorney's fees.

## PRAYER

WHEREFORE, Plaintiff Christopher Holp prays that Defendant be cited to appear and answer herein and that he recover of Defendant the following relief:

a.  His actual damages;

b.  Statutory interest under Texas Insurance Code § 542.060 at the rate of eighteen percent (18%) per annum **as damages**;

c.  Prejudgment interest *eo nomine* as provided by law;

Plaintiff's Original Petition

9

d. Up to three times Plaintiff's actual damages;

e. Attorney's fees;

f. Costs of court incurred; and

g. Such other and further relief, whether general or special, whether legal or equitable, to which Plaintiff may show himself to be entitled.

Respectfully Submitted,

By: /s/Mustapha Nyallay

Mustapha Nyallay
Texas Bar No. 24135427
mnyallay@hodgefirm.com
Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
The Hodge Law Firm, PLLC
The Historic Runge House
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

ATTORNEYS FOR PLAINTIFF

10

Plaintiff's Original Petition

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Michael Fridman on behalf of Mustapha Nyallay
Bar No. 24135427
mfridman@hodgefirm.com
Envelope ID: 79804861
Filing Code Description: Petition (OCA)
Filing Description: Petition
Status as of 9/21/2023 1:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Becky A.Bethscheider | | bbethscheider@hodgefirm.com | 9/21/2023 1:10:07 PM | SENT |
| Kendal McLaughlin | | kmclaughlin@hodgefirm.com | 9/21/2023 1:10:07 PM | SENT |
| Gabriel Bethscheider | | gbethscheider@hodgefirm.com | 9/21/2023 1:10:07 PM | SENT |
| Emily Forasiepi | | eforasiepi@hodgefirm.com | 9/21/2023 1:10:07 PM | SENT |
| Michael Fridman | | mfridman@hodgefirm.com | 9/21/2023 1:10:07 PM | SENT |
| Mustapha Nyallay | | mnyallay@hodgefirm.com | 9/21/2023 1:10:07 PM | SENT |
| Lucy Dawson | | ldawson@hodgefirm.com | 9/21/2023 1:10:07 PM | SENT |
| Wendy AColeman | | wcoleman@hodgefirm.com | 9/21/2023 1:10:07 PM | SENT |
| Luke LeBlanc | | lleblanc@hodgefirm.com | 9/21/2023 1:10:07 PM | SENT |